## THE COUNTY OF JEFFERSON
## *v.*
## THE CITY OF MT. VERNON.

*Filed at Mt. Vernon, April 4, 1893.*

1. SPECIAL ASSESSMENT—SPECIAL TAXATION—*of the ordinance for a local improvement.* In a proceeding by a city or village to make a local improvement by special assessment or special taxation, an ordinance specifying the nature, character, locality and description of the improvement is necessary, and is binding on the commissioners in their action. If there is any mistake in such ordinance, the commissioners appointed to make the assessment, or apportion the special tax, have no power to correct the same.

2. SAME—*power of commissioners.* The commissioners appointed by the court to make the assessment of a special tax for a local improvement have nothing to do with the character or extent of the improvement. Their only duty is to assess the amount of the cost of the improvement, excluding street crossings, upon the property abutting on the street sought to be improved.

3. If it is necessary to assess the cost of a given number of yards upon the lots in proportion to their frontage upon the street to be paved, then the commissioners will be controlled by the ordinance as to the width of the street. If the city has made a mistake as to the width of the street, that can not be rectified by the commissioners. Whether the improvement provided for in the ordinance will cover the entire street or leave a strip unimproved, is a subject which does not concern the commissioners, and one upon which they have no power to act.

4. SAME—*assessment roll varying from the ordinance.* Where the assessment roll, made out and returned by the commissioners, charges more square yards of improvement against the owner of property abutting on the street sought to be improved, than would have been charged against it had the commissioners followed strictly the width of the improvement as specified in the ordinance, the asesssment of the special tax should not be confirmed, but the court should modify the assessment to obviate the error.

5. SAME—*questioning the action of the commissioners.* On an application to confirm the assessment of a special tax for a local improvement, a lot owner interposed an objection to the report that the action of the commissioners was not "in compliance with the ordinance or the statute." *Held,* that such objection was sufficient to bring before the court the action of the commissioners in making the assessment.

6.  Appeals and Writs of Error—*questions not raised on trial, not considered on appeal.*  This court will not determine whether a lot owner, in a proceeding to assess a special tax thereon and confirm the assessment, is entitled to submit to a jury the question whether his lot is taxed a larger amount per square foot than its proportionate share of the cost of the improvement, where the record fails to show that a jury was demanded, or that the question was raised by any exception interposed to the report.

Appeal from the County Court of Jefferson County; the Hon. W. T. Pace, Judge, presiding.

Mr. W. H. Green and Mr. Albert Watson, for the appellant.

Mr. Robert M. Farthing, Mr. C. H. Patton and Messrs. Dickson & Smith, for the apellee.

Mr. Justice Craig delivered the opinion of the Court:

This is an appeal from a judgment of the County Court of Jefferson county, confirming a special tax levied by the city of Mt. Vernon on property belonging to Jefferson county, known as the Public Square.  The tax was levied against the property of Jefferson county and other abutting property, for the purpose of paying the costs of improving a part of Main, Union, Bunyan and Washington streets, in the city of Mt. Vernon.  On the application for confirmation of the tax, the county of Jefferson appeared and filed a number of objections to the tax, but they were all overruled, and a judgment of confirmation entered.  In the brief of counsel for the county but a few of the objections relied upon in the County Court are insisted upon here. These, and these only, will be considered.

In a proceeding of this character, where a local improvement is to be made by special assessment or special taxation, an ordinance is the foundation of the proceeding, and, under the provision of the statute, the ordinance must specify the nature, character, locality and description of the improvement.  Here an ordinance was passed which fully

6—145 Ill.

conformed to the requirements of the statute, commissioners were appointed by the city to make an estimate of the cost of the improvement contemplated by the ordinance, except street crossings, and a separate estimate as to them, as required by section 20, of article 9, of the City and Village act. The committee submitted a report to the city council, showing total cost of proposed improvement, exclusive of crossings, $10,365; paving, per square yard, $2.00; paving and guttering, per lineal foot, $1.00; cost at street crossings, total, $5,012.

This report was approved by the city council, and a petition was filed in the County Court praying for the appointment of commissioners to assess the cost of the improvement upon the abutting property. Three commissioners were appointed. Thus far there seems to have been a compliance with the statute. The next step taken in the proceeding was the assessment of the special tax imposed by the ordinance on the abutting property. It will be observed that the commissioners appointed to estimate the cost of the improvement estimated the cost of the paving at $2 per square yard, and the commissioners appointed to assess the tax on the lands of the various abutting property owners, in making out the assessment roll, estimated the number of yards of improvement in the streets opposite each tract of land, and fixed the cost of paving at $2 per square yard. Under this plan, adopted by the commissioners, if the streets were wider than specified in the ordinance, as appears to have been the case with Main and Washington streets, there would be more square yards of paving opposite each tract of land abutting on the street than was contemplated by the ordinance, and as a consequence each land owner would be required to pay a larger sum for the improvement than he would be required to pay if the width of the improvement, from the centre of the street, had corresponded with the width, as specified in the ordinance, unless a strip of each street was left unimproved.

It is true that the amount of the tax thus imposed by the commissioners was not large, but that does not obviate the difficulty. The question is one of power, and if the commissioners have the right to go beyond the ordinance and impose a tax for an improvement not provided for by the ordinance, where the excess might be small, they may do so where the amount might be large. It was for the city to determine, by ordinance, the nature and character of the improvement. The commissioners who were appointed by the court to make the assessment had nothing whatever to do with the character or extent of the improvement. They had but one duty to perform, and that was to assess the amount of the cost of the improvement, excluding the cost of street crossings, upon the property abutting on the streets. If it was necessary to determine the number of square yards of improvement, and assess the cost of a given number of yards upon the lots in proportion to their frontage, then the commissioners would have to be controlled by the ordinance as to the width of the streets. If the city had made a mistake, that could not be rectified by the commissioners. Whether the improvement, as provided for in the ordinance, would cover the entire street or leave a strip unimproved, was a subject that did not concern the commissioners, and one upon which they had no authority to act.

As has been seen, the committee appointed by the city to estimate the cost of the improvement provided for in the ordinance, excluding street crossings, had reported the cost at $10,365; this amount had been approved by the city council. When, therefore, the commissioners were appointed by the court to make the assessment, they had a plain duty to discharge, and that was to *assess* upon the property abutting on the streets the $10,365, placing upon each tract its just and relative equitable proportion of the amount. As we understand the record, the number of square yards of improvement chargeable to the county of Jefferson, computing according to the width of the streets, as provided in the ordinance, would be as follows: Main

street, 584.72 square yards; Washington street, 582.55 square yards; Bunyan street, 387.43 square yards, Union street, 582.55 square yards.

Whereas, the number of square yards, computing according to the real width of the streets as found by the commissioners, would be as follows:   Main street, 577.57 square yards; Washington street, 576.61 square yards; Bunyan street; 406.93 square yards; Union street, 588.05 square yards.

It is thus seen in the assessment roll, made out and returned by the commissioners, more square yards of improvement are charged against the county on Bunyan and Union streets than would have been charged had they followed strictly the width of the improvement as specified in the ordinance.

The third objection interposed by appellant to the report was as follows: "The action of the commissioners is not in compliance with the ordinance or the statute." This objection was sufficient to bring properly before the court the action of the commissioners in making the assessment; and, under section 33 of the statute, we think it was the duty of the court to so modify the assessment as to obviate the difficulty heretofore pointed out.

It is also claimed that the court erred in refusing to submit to a jury the question whether Jefferson county was taxed a larger amount per front foot than its proportionate share of the cost of the improvement.   Whether the objector had the right to submit this question to a jury, when the ordinance provides that the improvement shall be paid for by special taxation, as was the case here, we shall not stop to consider or determine, for the reason that the record before us fails to show that a jury was demanded, or the question raised by any exception interposed to the report.

For the error indicated, the judgment of the County Court will be reversed and the cause remanded, with directions to the County Court to modify the assessment, as indicated in this opinion.                *Judgment reversed.*